UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

THOMAS J. RUSSO,
        *Petitioner*,

v.

CHADWICK DOTSON,
        *Respondent.*

No. 1:24-cv-01752-MSN-LRV

**MEMORANDUM OPINION AND ORDER**

Thomas J. Russo ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the revocation of his suspended sentence and probation in the Circuit Court for the City of Alexandria. ECF 1. On May 21, 2025, Respondent filed a Rule 5 answer and a motion to dismiss, with supporting briefs and exhibits. ECFs 15–18. Petitioner filed an opposition, and the matter is now ripe for disposition. For the reasons that follow, the Court will grant Respondent's motion and dismiss the Petition.

**I.    BACKGROUND**

In September 2014, Petitioner entered a plea of guilty to malicious wounding in the Circuit Court for the City of Alexandria ("Circuit Court"). ECF 17 at 4. At the guilty plea hearing, the Commonwealth proffered that the evidence at trial would have shown that Petitioner attacked and stabbed his ex-girlfriend's boyfriend, Terry Day, "43 times with the intent to maim, disable, disfigure, and kill." *Id.* at 4–5. The evidence would also have shown that Petitioner sought information about his ex-girlfriend's whereabouts and had an image of her on his refrigerator with a bullseye drawn on it. *Id.* at 4. The Circuit Court sentenced Petitioner to twenty years of imprisonment with fifteen years suspended. *Id.* at 1.

On August 21, 2018, less than two months after his release from prison, Petitioner was arrested for handling firearms in a gun store as a convicted felon. ECF 1 at 5. On June 21, 2019, he entered a plea of guilty to unlawful possession of a firearm as a felon in violation of 18 U.S.C. 922(g)(1) and was sentenced by this Court to eighteen months of imprisonment. *Id.* at 6; ECF 17 at 1. Two years later, the Circuit Court determined that Petitioner had violated the terms and conditions of his probation and revoked his suspended sentence on the malicious wounding conviction, re-suspending five years and requiring Petitioner to serve the ten remaining years for his state crime. ECF 17 at 1–2. In its initial revocation order, the Circuit Court found that Petitioner posed a significant danger to the public given the facts of his original offense and his actions upon release. Pet. Exh. 23 at 171–74 (ECF 1-3). Specifically, the Circuit Court highlighted that Petitioner had stabbed the victim 43 times (*id.* at 172); that he memorialized the stabbing with body art and language indicating his lack of remorse (*id.*); that he visited the office of the Commonwealth's Attorney in a limousine to see his original trial prosecutor—whom he had threatened in prison calls—within days of being released (*id.* at 172–73; ECF 17 at 12, 21); and that, also within days of being released, he visited a gun store to purchase a gun, silencer, and body armor for himself despite knowing that he could not legally possess firearms (Pet. Exh. 23 at 173; ECF 17 at 11–13).

Petitioner appealed the revocation judgment on October 5, 2020, but on April 21, 2021, he withdrew the appeal and instead filed a motion for appropriate relief in the Circuit Court. *Id.* In that motion, Petitioner argued for the first time that the Alexandria Commonwealth's Attorney's Office had a conflict of interest which required a new revocation hearing, a new prosecution, and a new Circuit Judge. *Id*; ECF 1 at 14. The alleged conflicts were (1) that Petitioner had sought out and threatened to harm the prosecutor from his original state conviction, now a supervisor in the

same office, and (2) that the Circuit Court judge had seen that prosecutor many times in court and the prosecutor was "well known and well liked." Pet. Exh. 23 at 172–73 (ECF 1-3); Pet. Exh. 17 at 3 (ECF 1-2); ECF 17 at 2, 12, 21. The Circuit Court denied the motion on May 28, 2021. ECF 17 at 3. In denying the motion, the Circuit Court reiterated the facts outlined in its revocation order, and also referenced the photo on Petitioner's fridge of his ex-girlfriend with a bullseye. Pet. Exh. 24 at 44–45 (ECF 1-3). Ultimately, the Circuit Court determined that the revocation proceeding was not tainted by a conflict of interest because revocation would still have been warranted absent Petitioner's threatening behavior toward his original trial prosecutor. *See id.* at 45–46.

Petitioner then appealed to the Court of Appeals of Virginia ("Court of Appeals"). That court affirmed the denial of relief and the Supreme Court of Virginia declined to review the case. *Id.* In denying relief, the Court of Appeals found that Petitioner (1) failed to move for relief from the judgment within twenty-one days as required by the Virginia Supreme Court Rule 1:1;[1] and (2) did not adequately preserve his arguments for appeal, thereby waiving his assignments of error under Virginia Supreme Court Rule 5A:18.[2] Pet. Exh. 31 at 4 (ECF 1-6). Petitioner argued that Code § 19.2-303—which provides a narrow exception to Rule 1:1's twenty-one day limitation on a court's jurisdiction to reconsider a final order—permitted the untimely filing of his motion for appropriate relief. *Id.* at 5. But § 19.2-303 only applies if there are "circumstances in mitigation of the offense." Va. Code Ann. § 19.2-303. And the Court of Appeals found no such mitigation evidence in Petitioner's conflict of interest allegation. Pet. Exh. 31 at 5. Accordingly, the Court of Appeals found that Petitioner's motion was untimely under Rule 1:1. *Id.* at 6. The Court of Appeals

---

[1] Rule 1:1 deals with the finality of judgments and, in relevant part, states that all such judgments "remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Va. Sup. Ct. R. 1:1.

[2] Rule 5A:18 requires the preservation of issues for appeal. Va. Sup. Ct. R. 5A:18. Under Rule 5A:18, "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." *Edwards v. Commonwealth*, 41 Va. App.752, 760 (2003) (*en banc*).

also found that because Petitioner failed to raise these conflict of interest issues during his revocation hearing, he waived error under Rule 5A:18. *Id.* at 6–7.

On October 3, 2024, Petitioner filed his habeas corpus petition in this Court, in which he (1) raises a constitutional claim that his right to an impartial prosecution was violated, and (2) claims the Court of Appeals erred in determining that Rules 5A:18 and 1:1 barred his conflict of interest claim. ECF 1 at 26, 30–49. But Petitioner procedurally defaulted his constitutional claim, and his state law claims are not cognizable in federal habeas. The Court will therefore deny the petition and grant Respondent's motion to dismiss.

## II.     LEGAL STANDARD

A state prisoner may petition a federal court for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before bringing this petition, a state prisoner must exhaust his claims in state court, giving "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See* 28 U.S.C. § 2254(b). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Further, "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A state procedural rule is "adequate" if it is firmly established and regularly or consistently applied by the state court and "independent" if it does not depend on a federal constitutional ruling. *Yeatts v. Angelone*, 166 F.3d 255, 263–64

(4th Cir. 1999). Procedural default generally bars a habeas petitioner from merits review of his constitutional claims in federal court. *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996); *see also Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991).

"To overcome procedural default, [a] prisoner must demonstrate 'cause' to excuse the procedural defect and 'actual prejudice' if the federal court were to decline to hear his claim." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) (quoting *Coleman*, 501 U.S. at 750 (1991)). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. *See Coleman*, 501 U.S. at 753–54; *Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990). If a petitioner fails to show cause for his procedural default, the court needn't consider the issue of prejudice. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995).

### III.   ANALYSIS

#### A.   Petitioner's Constitutional Claim is Procedurally Barred

Petitioner attacks his state court proceedings on the basis that he was denied his constitutional right to an impartial prosecution. ECF 1 at 30–39. This claim is procedurally barred from federal review.

The Court of Appeals found that Petitioner procedurally defaulted his impartial prosecution claim because his motion for appropriate relief was untimely under Rule 1:1 and because he failed to preserve his points of error under Rule 5A:18. Pet. Exh. 31 at 6–7. Thus, the Court of Appeals declined to review the merits of Petitioner's claim and affirmed the state trial court. *Id.* at 7. Because the Court of Appeals based its decision on independent and adequate procedural grounds—Rule 1:1 and Rule 5A:18—Petitioner procedurally defaulted his federal habeas claim. *Breard*, 134 F.3d at 619 (articulating the standard for procedural default); *Graham v. Warden*, No.

7:19-cv-00184, 2020 WL 1493493, at *8 (W.D. Va. Mar. 27, 2020) (describing Rule 1:1 as independent of federal issues, firmly established, and regularly followed); *Crowley v. Landon*, 780 F.2d 440, 444 (4th Cir. 1985) (describing Rule 1:1 as an unambiguous and existing rule of law); *Weeks v. Angelone*, 176 F.3d 249, 270 (4th Cir. 1999) (holding that Rule 5:25—which is virtually identical to Rule 5A:18—is an independent and adequate procedural ground). Neither has Petitioner articulated cause to overcome this procedural default—in fact, he appears to argue that cause and prejudice "ha[ve] nothing to do with this case." ECF 27 at 22. Having failed to demonstrate cause, this Court need not consider whether he established prejudice. *See Kornahrens*, 66 F.3d at 1359. Accordingly, the Court will grant Respondent's motion to dismiss on Petitioner's impartial prosecution claim.

### B.  Petitioner's State Law Claim is Not Reviewable in Federal Court

Petitioner also argues that the Court of Appeals interpreted and applied Rules 1:1 and 5A:18 incorrectly when it determined that those rules precluded review of his appeal.[3] ECF 1 at 39, 42, 46–48. But it is decidedly not the province of federal habeas courts to reexamine state court decisions on issues of state law. *Estelle*, 502 U.S. at 67–68. This Court therefore cannot review Petitioner's claim regarding the Court of Appeals' application of Rule 5A:18, Rule 1:1, and Code § 19.2-303, nor can it conduct an independent analysis of the meaning of those rules. Section 2254 is not a mechanism for parties to collaterally attack unfavorable state court interpretations of state law. Accordingly, the Court will grant Respondent's motion to dismiss on Petitioner's remaining state law claim.

### IV.  CONCLUSION

For the foregoing reasons, it is hereby

---

[3] It appears, based on the structure of Petitioner's argument, that he challenges the Court of Appeals' interpretation of Rule 5A:18, Rule 1:1, and Code § 19.2-303 as a separate basis for habeas relief from his constitutional claim.

ORDERED that Respondent's motion to dismiss (ECF 15) is GRANTED; and it is further

ORDERED that the Petition (ECF 1) is DISMISSED.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

July 21, 2025
Alexandria, Virginia